**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **BLANCA DeALBA**, on behalf of herself and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | FILED: JULY 16, 2008 |
| v. | 08CV4022 |
| **COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, individually. | No. JUDGE ANDERSEN<br>MAGISTRATE JUDGE COX<br><br>PH |
| Defendants. | JURY DEMAND |

## COMPLAINT

The plaintiff, **BLANCA DeALBA** (the "Plaintiff") on behalf of herself and all other employees similarly situated, known and unknown, by and through his attorneys of record, hereby complains of the defendants, **COYOACAN, INC.** ("COYOACAN"), an Illinois corporation, and **PIEDAD CANALES** ("CANALES") individually, (collectively the "Defendants"), and pleading hypothetically and in the alternative, alleges as follows:

## I.   INTRODUCTION

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Plaintiff Class"). The Plaintiff and the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours, as the FLSA requires. Additionally, the Defendants may have failed to pay the Plaintiff and the Plaintiff Class for certain hours at a

rate not less than Illinois's mandatory minimum.  In Count I, the Plaintiff brings a claim pursuant to Section 216(b) of the FLSA.

2.      In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.*  The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II.  <u>THE PARTIES</u>

3.      The Plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

4.      Upon information and belief, the defendant, CANALES, is an individual who is domiciled in Illinois and resides within this judicial district.

5.      The defendant, COYOACAN, is an Illinois corporation whose registered office is located at 3826 W. Montrose, Chicago, Illinois 60618.

6.      CANALES is a corporate officer of COYOACAN.

7.      Upon information and belief, at all times relevant to this action, CANALES held/holds an ownership interest in COYOACAN.

8.      Upon information and belief, at all times relevant to this action, CANALES exercised/exercises control over significant aspects of COYOACAN's day-to-day operations.

2

### III. **JURISDICTION AND VENUE**

9.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

10.    Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

11.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

12.    Further, venue is proper pursuant to 28 U.S.C. § 1391, as COYOACAN is an Illinois corporation whose registered office is located within this judicial district.

### IV. **STATUTORY CONSENT**

13.    The Plaintiff brings this case as a collective action under the FLSA on behalf of herself and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action.

14.    The Plaintiff's written consent form is attached as **Exhibit A**, and is incorporated herein by reference.

### V. **GENERAL ALLEGATIONS**

15.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

16.     At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

17.     At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

18.     The Enterprise operates/operated at least one restaurant within this judicial district.

19.     The Enterprise may operate, and/or may have operated, additional establishments in this judicial district under variants of the name "Taqueria El Gallo" or other names.

20.     One or more of the Defendants continue(s) to operate the Enterprise to this day.

21.     Upon information and belief, the employee members of the Plaintiff Class were routinely traded amongst the several establishments controlled by and/or constituting said enterprise, indicating common control of the several establishments.

22.     At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

23.     At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

4

24.    During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class handled goods that moved in interstate commerce including but not limited to perishable food products and cleaning solvents.

25.    At all times relevant to this action, the Defendants, and/or an enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

26.    During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the FLSA.

27.    During the course of their employment by the Defendants, the Plaintiffs and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the IMWL.

28.    The Plaintiff was employed by one or more of the Defendants from about September 12, 2005, to about March 14, 2008.

29.    The Defendants (or an enterprise owned and/or controlled by Defendants, and each of them, singly or in or in one or more combinations) routinely and as a matter of practice and policy required the Plaintiff and the Plaintiff Class to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

30.    Upon information and belief, the Defendants (or an enterprise owned and/or controlled by Defendants, and each of them, singly or in or in one or more combinations) routinely and as a matter of practice and policy employed the Plaintiff and the Plaintiff

Class, but then failed and refused to pay them an hourly wage equal to or greater than the

FLSA's mandatory minimum rate and/or the IMWL's mandatory minimum.

## COUNT I
### (Violation of the FLSA)

31.    The Plaintiff hereby re-alleges the foregoing allegations.

32.    The Defendants violated the FLSA by:

    a. upon information and belief, failing to pay some members of the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

    b. failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

33.    The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

34.    The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiff, on behalf of herself and the Plaintiff Class, prays for judgment in her favor and against the defendants, **COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

    B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the

plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

C.   statutory liquidated damages as allowed by the FLSA;

D.   interest on all amounts awarded;

E.   attorneys' fees, together with costs of suit and collection;

F.   an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from September 1, 2005, through the present;

G.   an order authorizing the Plaintiff to provide notice of this action to the Plaintiff Class in a form substantially similar to that which is attached hereto as **Exhibit B**;

H.   an order authorizing the Plaintiff to mail "opt-in" consent forms to the Plaintiff Class in a form substantially similar to that which is attached hereto as **Exhibit C**; and

I.   such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

35.   The Plaintiff hereby re-alleges the foregoing allegations.

36.   The Defendants violated the IMWL by:

a.   upon information and belief, failing to pay some members of the Plaintiff Class for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

b.   failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

37.   The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

38.   The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

7

WHEREFORE the Plaintiff prays for judgment in her favor and against the defendants, **COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate;

B. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the Plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

C. statutory punitive damages as allowed by the IMWL;

D. interest on all amounts awarded;

E. costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT III
## (IWPCA and AFWAA claims)

39. The Plaintiff hereby re-alleges the foregoing allegations.

40. The Defendants violated the IWPCA by:

a. upon information and belief, failing to pay some members of the Plaintiff Class for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate;

b. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

c. failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

    d.   failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiff prays for judgment in his favor and against the defendants, **COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, and each of them, and for the following relief:

    A.   an order commanding the defendants to pay the Plaintiff any and all wages the defendants owe the Plaintiff for each hour the Plaintiff worked, but for which the defendants failed to pay the Plaintiff at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the IMWL's minimum rate);

    B.   an order commanding the defendants to pay the Plaintiff any and all overtime compensation the defendants owe the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the Plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

    C.   interest on all amounts awarded;

    D.   reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

    E.   such further relief as may be fair and just in the premises.

## JURY DEMAND

The Plaintiff, **BLANCA DeALBA**, on behalf of herself and the Plaintiff Class, by and through her attorneys of record, hereby demands trial by jury of all issues set forth herein.

Respectfully submitted,

/s/Paul Luka
PAUL LUKA

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue
PIEDAD CANALES,
his claims for unpaid wages, and other relief, against TAQUERIA EL GALLO #1, and any others
who may have employed him in conjunction with said person (collectively the "Employers"),
and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit
brought against the Employers on behalf of himself and all other similarly situated employees,
known and unknown.


_Blanca De Alba_
BLANCA DE ALBA

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BLANCA DeALBA**, on behalf of herself and all other employees similarly situated, known and unknown, | |
| Plaintiffs, | |
| v. | No. |
| **COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, individually. | |
| Defendants. | |

**NOTICE OF A LAWSUIT CLAIMING OVERTIME
WAGES UNDER THE FAIR LABOR STANDARDS ACT**

**TO:**     **Persons who have been employed as hourly employees by one of the defendants at any time between September 1, 2005, and the present, and who believe they were not compensated at a rate of one and one-half times their regular rate for any hours they worked in excess of forty (40) in a workweek.**

**I.      INTRODUCTION**

The purpose of this Notice is to: (1) advise you that a lawsuit has been filed against COYOACAN, INC., and PIEDAD CANALES ("Defendants"); (2) advise you of your right to join this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you choose to do so.  Nothing in this Notice should be viewed as an admission of wrongdoing.

**II.     DESCRIPTION OF THE LAWSUIT**

The plaintiff, BLANCA DeALBA ("Plaintiff"), has brought this lawsuit against the Defendants, claiming that he and other similarly situated individuals worked in excess of forty (40) hours for the Defendants and did not receive one and one-half times their regular hourly rate of pay for those hours over forty (40).  The Defendants deny the Plaintiff's claims.

The Federal Fair Labor Standards Act generally requires that employees be paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in any one work week.  The Plaintiff seeks to recover overtime pay for the three (3) years prior to the filing of this lawsuit. The Plaintiff also seeks an additional equal amount as liquidated damages and attorneys' fees and costs.

1

The Plaintiff believes that his claims against the Defendants have merit. The Defendants deny that they violated the law. There has been no determination by any Court as to the truth of the factual and legal allegations made against the Defendants.

III.    **WHO MAY JOIN THIS LAWSUIT**

If you are currently employed by one of the Defendants as an hourly employee or, if at any time since September 1, 2005, you have been employed by one of the Defendants as an hourly employee and believe that you did not receive overtime pay for hours you worked for Defendants in excess of forty (40) hours in a workweek as described above, you have a right to join this lawsuit as a party plaintiff. It is entirely your decision whether or not to join this lawsuit. You are not required to join this case or take any action unless you want to. It is completely voluntary. If you have not worked more than forty (40) hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all. The Court has decided that the information you have received in this Notice is sufficient for you to make a decision as to whether you wish to join the case. Neither the Defendants nor the attorney now representing the Plaintiff will be able to give you additional information regarding your decision to join the case.

IV.    **HOW TO JOIN THIS LAWSUIT**

If you have been employed by one of the Defendants as an hourly employee at any time between **September 1, 2005, and the present**, and believe that you have not received overtime compensation at a rate of one and one-half times your regular rate for hours worked in excess of forty (40) in a workweek, you may join this suit (that is, you may "opt in" to the lawsuit) by:

    a.    completing the enclosed Notice of Consent to Become a Party Plaintiff form *(the yellow form enclosed)*;

**AND**

    b.    mailing the completed Notice of Consent to the Plaintiff's counsel at the following address:

**COYOACAN – El Gallo Consent Form**
**c/o Amatore & Associates**
**120 S. State Street/Suite 400**
**Chicago, Illinois 60603**

**DEADLINE:**    In order for you to participate as a Plaintiff in this case, the fully completed Notice of Consent must be received by Plaintiff's Counsel and filed with the Clerk of the Court no later than **[TO BE DETERMINED]**.

*DeAlba v. Coyoacan*
NOTICE OF LAWSUIT

**Any delay in such delivery, or any failure to deliver the Consent form, will be your responsibility, and you would not become a plaintiff in this case.**

If you send a Consent form, your continued right to participate in this suit may depend upon a later decision by the District Court that you are a proper plaintiff in accordance with federal law.

## V.  EFFECT OF JOINING OR NOT JOINING THIS SUIT

If you join this lawsuit by filing your Consent, you will be bound by any judgment the Court makes on the issues involved, whether it is favorable or unfavorable to you.

If you choose not to join this lawsuit, you will not be affected by any judgment made by the Court in this case or any action taken by the parties in this case.  If you choose not to join in this lawsuit, you are free to file your own lawsuit or do nothing.

## VI.  NO RETALIATION AGAINST YOU IS PERMITTED

If you presently work for any of the Defendants, Federal law prohibits Defendants from retaliating against you by discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

## VII.  YOUR LEGAL REPRESENTATION IF YOU JOIN

The Plaintiff's attorneys, Amatore & Associates, P.C. (120 S. State Street, Suite 400, Chicago, IL. 60603), will represent you should you elect to join this suit as a plaintiff, unless you otherwise decide to select someone else to represent you.  Your attorneys are entitled to receive payment of attorneys' fees and costs from the Defendants if Plaintiff is successful in this lawsuit.

## VIII.  FURTHER INFORMATION

Further information about this suit may be obtained by reviewing the court file at 219 S. Dearborn Street, Chicago, Illinois, United States District Court Clerk's Office, 20th Floor.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES.  PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**BLANCA DeALBA**, on behalf of herself
and all other employees similarly situated,
known and unknown,

             Plaintiffs,

   v.

**COYOACAN, INC.**, an Illinois
corporation, and **PIEDAD CANALES**,
individually.

           Defendants.

No.

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A LAWSUIT TO RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT
***(This form must be completed in ink, not pencil)***

This Document is to be sent to:    **COYOACAN – El Gallo Consent Form**
                                       **c/o Amatore & Associates**
                                       **120 S. State Street/Suite 400**
                                       **Chicago, Illinois 60603**

     I hereby consent to become a plaintiff in the above captioned case filed against the named defendants, COYOACAN, INC., and PIEDAD CANALES ("Defendants"), under the Fair Labor Standards Act.  I attest that I either am now or, have been at some time since September 1, 2005, an hourly employee for one of the Defendants.

My name is: _____
                              *Please Print Name*

My address is: _____
                              *Street Address*

                             _____
                              *City, State, Zip Code*

My telephone number is: _____
                              *Home*

Dates Employed:        Start:              End:

Location(s) Employed:   _____

                       _____

1

My Signature:

_____
*Please Sign name*

Date on which I signed
this Notice:

_____
*Today's Date*

2