FILED
AUG 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BLANCA DeALBA,** on behalf of herself And all other employee similarly Situated, known and unknown, <br><br>Plaintiffs, <br><br> v. <br><br> **COYOACAN, INC.,** an Illinois corporation, and **PIEDAD CANALES,** individually. <br><br> Defendants. | Civil Action <br><br> FILED: July 16, 2008 <br> 08CV4022 <br> Judge Andersen <br> Magistrate Judge Cox |

### MOTION TO DISMISS AND PETITION FOR SANCTIONS PURSUANT TO S.C.R. 11

NOW COMES the respondent, PIEDAD CANALES, and moves to dismiss to the complaint pursuant to S.C.R. 12 as seeks sanctions, pursuant to S.C.R. 11 for the following:

1. That the defendant denies the allegations set forth in paragraph 1 of plaintiff's complaint. Moreover, the Defendant states that the plaintiff was fired to stealing cash from the register and that her suit is frivolous and with the intent to fraudulently obtain a Judgment.

2. That the defendant denies the allegations set forth in paragraph 2 of the plaintiff's complaint in that the Plaintiff has a legitimate claim pursuant to 820 ILCS 105, 820 ILCS 115, and 705 ILCS 225. Moreover, the defendant states that the defendant has a right to sanctions against the plaintiff pursuant to S.C.R. 11.

3. That the defendant admits the allegations set forth in paragraph 3 of plaintiff's complaint.

4. That the defendant admits the allegations set forth in paragraph 4 of plaintiff's complaint.

5. That the defendant admits the allegations set forth in paragraph 5 of plaintiff's complaint.

6. That the defendant denies the allegations set forth in paragraph 6 of plaintiff's complaint. CANALES is only the registered agent of COYOACAN, INC.

7. That the defendant denies the allegations set forth in paragraph 7 of plaintiff's complaint.

8. That the defendant denies the allegations set forth in paragraph 8 of plaintiff's complaint.

9. That the defendant denies the allegations set forth in paragraph 9 of plaintiff's complaint because the plaintiff lacks any valid claim.

10. That the defendant admits the allegations set forth in paragraph 10 of plaintiff's complaint because the plaintiff lacks any valid claim.

11. That the defendant admits the allegations set forth in paragraph 11 of plaintiff's complaint relative to venue would be proper if the plaintiff had a valid claim.

12. That the defendant admits the allegations set forth in paragraph 12 of plaintiff's complaint relative to venue would be proper if the plaintiff had a valid claim.

13. That the defendant denies the allegations set forth in paragraph 13 of plaintiff's complaint in that there exists any plaintiff class claim.

14. That the defendant admits the plaintiff signed a consent.

15. That the defendant denies the allegations set forth in paragraph 15 of plaintiff's complaint, the employer was only Piedad Canales, individually and the defendant denies there are any unpaid wages.

16. That the defendant denies the allegations set forth in paragraph 16 of plaintiff's complaint, the employer was only Piedad Canales, individually and the defendant denies there are any unpaid wages.

17. That the defendant denies the allegations set forth in paragraph 17 of plaintiff's complaint, the employer was only Piedad Canales, individually and the defendant denies any "Enterprise." Coyoacan, Inc. is owned entirely by a different individual who operates a completely different business at 3826 W. Montrose, Chicago, Illinois.

18. That the defendant denies the allegations set forth in paragraph 18 of plaintiff's complaint, the employer was only Piedad Canales, individually and the defendant denies any "Enterprise." The defendant admits that Piedad Canales owns the business interest of the business known as "Taqueria El Gallo."

19. That the defendant denies the allegations set forth in paragraph 19 of plaintiff's complaint, the employer was only Piedad Canales, individually and the defendant denies any "Enterprise."

20. That the defendant denies the allegations set forth in paragraph 20 of plaintiff's complaint, the employer was only Piedad Canales, individually and the defendant denies any "Enterprise."

21. That the defendant denies the allegations set forth in paragraph 21 of plaintiff's complaint. The defendant, Piedad Canales, does not own or operate any other businesses.

22. The defendant admits that the plaintiff was an employee of Piedad Canales individually only.

23. The defendant admits that the plaintiff was an employee of Piedad Canales individually only.

24. That the defendant denies that this creates a federal question and federal subject matter jurisdiction. All foods and goods were bought in Illinois

25. The defendant denies that the plaintiff was involved in commerce within the meaning of Section 3(s) (1) (A).

26. The defendant denies that the plaintiff worked overtime.

27. That the defendant admits the allegation set forth in paragraph 27 of plaintiff's complaint in that Piedad Canales was not exempt.

28. That the defendant was only employed by Piedad Canales.

29. That the defendant admits the allegation set forth in paragraph 27 of plaintiff's complaint.

30. That the defendant admits the allegation set forth in paragraph 27 of plaintiff's complaint.

31. That the defendant admits the allegation set forth in paragraph 32-34, 36-38 and 40 of plaintiff's complaint.

]

WHEREFORE, the defendant prays that the plaintiff's complaint should be dismissed with prejudice, that the plaintiff be sanctioned and for such further relief that this Honorable Court deems just and equitable.

Respectfully Submitted,

Piedad Canales   */s/ Piedad Canales*

### Certification

Under penalties as provided pursuant to the Federal Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Piedad Canales*

PIEDAD CANALES
3235 W. Montrose Ave
Chicago, Illinois 60618
773-267-1834