IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BLANCA DeALBA**, on behalf of herself and all other employees similarly situated, known and unknown,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>**COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, individually.<br><br>　　　　　　　　Defendants. | Judge Wayne R. Anderson<br><br>Magistrate Judge Susan E. Cox<br><br>No.  08 CV 4022 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The plaintiff prays that this Court will deny the defendant, PIEDAD CANALES's, *pro se* motion styled "**Motion to Dismiss and Petition for Sanctions Pursuant to S.C.R. 11**" [Doc. 10].  In support thereof, the plaintiff states as follows:

### INTRODUCTION

The plaintiff filed a complaint alleging that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, by failing to pay proper overtime compensation, among other claims.  Subsequently, the *pro se* defendant, PIEDAD CANALES ("CANALES"), filed a motion to dismiss the plaintiff's complaint that also requests sanctions pursuant to what she calls "S.C.R. 11".  CANALES's request for sanctions should be denied because it is not compliant with Rule 11's "safe harbor" provision in that it was not brought separately, and it was not served upon the plaintiff 21 days prior to its filing.  In any event, CANALES's request for sanctions must fail because it is unsupported by any relevant factual or legal allegations – it is simply a bald request for sanctions tacked onto a string of denials.  Likewise, CANALES's motion to dismiss must fail because it is, in substance, just an answer to the complaint.  It raises

no argument that is cognizable under Rule 12.

## STANDARD

First, under Rule 11, "the district court may impose sanctions if a lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The court must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *CUNA Mut. Ins. Soc'y v. Office & Prof'l Emples. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (internal quotation marks and citations omitted). The Court will not need not employ this standard here though, because CANALES failed to comply with Rule 11's safe-harbor provision. Secondly, the familiar 12(b)(6) standard might be applicable, except that CANALES has made no argument that falls under the rubric of Rule 12. Nonetheless, "[w]hen deciding a motion to dismiss, this Court accepts as true all 'well-pleaded factual allegations and view[s] them, along with the reasonable inferences to be drawn from them, in the light most favorable to [the plaintiff].'" *Binkley v. Edward Hosp.*, 2004 U.S. Dist. LEXIS 19843, 8-9 (N.D. Ill. 2004) (Anderson, J.) (quoting *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993). A court must dismiss a complaint only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 9 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)) (additional citation omitted). Also relevant here, while a *pro se* defendant like CANALES might properly be afforded some leeway with regard to the rules of pleading, in the end, the "rules apply to uncounseled litigants and must be enforced." *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998); *See also McNeil v. United States*, 508 U.S. 106, 112-13 (1993).

**ARGUMENT**

**I.     CANALES's request for sanctions is not compliant with the "safe harbor" provision of Rule 11.**

CANALES prayed for sanctions in her *pro se* motion to dismiss. Her motion refers to "S.C.R. 11", but the plaintiff assumes she meant to rely upon FRCP 11.[1] Assuming this is so, her motion for sanctions is not compliant with the rule. FRCP 11(c)(1)(A) requires that a "motion for sanctions under this rule shall be made separately from other motions or requests" and "shall not be filed with the court unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn or appropriately corrected." CANALES did not file her motion for sanctions separately from other requests as the rule requires, nor did she serve the motion upon the plaintiff at any time prior to filing it as the rule also requires. Because CANALES' request for sanctions is not compliant with Rule 11's "safe-harbor" provision, it should be denied.

**II.    In any event, CANALES's request for sanctions must fail because it is unsupported by any relevant factual or legal allegations.**

Other than a bald accusation that the plaintiff stole money from a cash register (which is irrelevant to the issue of sanctions), CANALES brings nothing new to the table in her motion, let alone anything that could support the imposition of Rule 11 sanctions. The balance of her motion is a string of denials that reads more like an answer than a petition for sanctions or a motion to dismiss.

---

[1] CANALES appears to refer to "S.C.R. 11" chiefly with regard to the plaintiff's supplemental, state law claims. Most likely the reference is to the Illinois Supreme Court Rules. Although "*Erie* questions arise most frequently in diversity cases, the Supreme Court has made clear that the doctrine applies equally to state law claims [brought under] supplemental jurisdiction." *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002). Here however, using Illinois's rules (as it appears that CANALES might be trying to do) would not change the substantive result. Therefore, pursuant to the *Erie* doctrine, the federal rules would apply.

Although the plaintiff can find nothing in CANALES's motion that would support the imposition of sanctions, in an abundance of caution the plaintiff attaches her sworn declaration hereto as **Exhibit A**. The declaration shows that the "allegations and other factual contentions [in the complaint] have evidentiary support . . . ," and are "not being presented for any improper purpose . . . ." FRCP 11(b)(3); FRCP 11(b)(1). Because it is unsupported by any relevant factual or legal allegations, CANALES's request for sanctions should be denied.

### III. Not only does CANALES simply fail to meet the 12(b)(6) burden, she does little but baldly deny the plaintiff's allegations in her motion as one might do in an answer to a complaint.

In order to prevail on her motion to dismiss, CANALES must show it is "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Binkley*, 2004 U.S. Dist. LEXIS 19843 at 9. CANALES offers absolutely nothing in her motion that could make such a showing. As indicated above, her motion is really just a string of denials that reads like an answer, rather than a Rule 12 motion. She offers nothing to show that the plaintiff's theory of the case is impossible factually, or that it is based upon unsound law. If anything, CANALES makes many admissions in her motion that support the plaintiff's claim.

CANALES does raise two substantive issues that are more than simple denials, but each has no effect on her inability to carry the 12(b)(6) burden. At one point, she claims that only she (and never the co-defendant) employed the plaintiff. First of all, whether the co-defendant also employed the plaintiff is a question of fact that has no place in the context of a Rule 12 motion. But more importantly, the issue is irrelevant to her motion in that even if (assuming for the sake of argument) the co-defendant never employed the plaintiff, CANALES *did* – as she admits in her motion. (Mtn. of CANALES at ¶¶ 15-16). It makes no sense to say as she does that "the co-

defendant never employed the plaintiff, I did. So therefore, the claim against *me* should be dismissed." The plaintiff is truly at a loss when trying to grasp CANALES's point.

Merely to indulge CANALES's argument and make sure all bases are covered, the plaintiff responds that joint employment is quite common. In any case, the test used to determine whether or not a person qualifies as an "employer" under the FLSA, jointly or otherwise, is much broader than the test used at common law. *See Vander Vennet v. Am. Intercontinental Univ. Online*, 2006 U.S. Dist. LEXIS 22309, 8-9 (N.D. Ill. 2006) (citing *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003); *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675-76 (1st Cir. 1998); *Vega v. Contract Cleaning Maintenance, Inc.*, 2004 U.S. Dist. LEXIS 20949, 2004 WL 2358274, 5-7 (N.D. Ill. 2004). *See also Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987).

At another point in her motion, CANALES accuses the plaintiff of stealing money from a cash register. This accusation does nothing to show that the plaintiff's theory is impossible factually or based on unsound law though, and is thus irrelevant to the motion. Rather, it sounds more like an attempt to plead a counterclaim or perhaps a "set-off" defense. Because CANALES offers no argument that would carry her over the 12(b)(6) hurdle, and does not raise any argument that would be cognizable under another subsection of Rule 12(b), her motion to dismiss should be denied.

**IV. CANALES's "motion to dismiss" may really just be her (mistakenly designated as a motion) answer to the complaint, but she has not adequately pleaded any affirmative defense or counterclaim.**

One could argue that the document CANALES styled as her "Motion to Dismiss and Petition for Sanctions Pursuant to S.C.R. 11" [Doc. 10] is really just her answer to the complaint, mistakenly designated as a motion to dismiss. It does make "denials [and admissions as the case

may be] of designated averments or paragraphs . . ." as is commonly done in an answer to a complaint. FRCP 8(b). But, even though the document might pass muster as an answer to the complaint, CANALES has not adequately pleaded any affirmative defense or counterclaim.

With regard to the accusations about the cash register, CANALES fails to set forth any "short plain statement of the claim showing that [she] is entitled to relief . . ." (for example, does she have standing to sue?); and she fails to set forth what relief she seeks, if any, as the rules require. FRCP 8(a)(2). Further, the accusations do not give rise to an affirmative *defense*, because they do not give rise to an *avoidance* centered on the same nucleus of facts as the claims brought in the complaint. They could only be set forth properly as a counterclaim – but as shown above, a counterclaim has not been adequately pleaded.

Affirmative defenses must be pleaded as more than "bare bones conclusory allegations." *Rao v. Covansys*, 2007 U.S. Dist. LEXIS 3267, 4 (N.D. Ill.) (citing *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). Moving beyond the cash register issue, the affirmative matters CANALES raises are nebulous, vague and do not even qualify as "bare bones conclusory allegations." *A fortiori*, they could not be accepted as affirmative defenses or counterclaims.

Because it is fundamentally flawed in its form and therefore gives rise to confusion, the Court should deny the plaintiff's motion in its entirety. If for some reason the Court should in fact deem the "motion" to be the plaintiff's (improperly designated) answer to the complaint however, it should then find that CANALES has not adequately pleaded any affirmative defense or counterclaim for the reasons stated above.

## CONCLUSION

CANALES's request for sanctions should be denied because it is not compliant with Rule 11's safe harbor provision in that it was not brought separately, and it was not served upon the plaintiff 21 days prior to its filing. In any event, CANALES's request for sanctions must fail because it is unsupported by any relevant factual or legal allegations – it is simply a bald request for sanctions tacked onto a string of denials. Likewise, CANALES's motion to dismiss must fail because it is really just an answer to the complaint. It raises no argument that is cognizable under Rule 12. Lastly, if the Court should in fact deem the subject "motion" to be the plaintiff's (improperly designated) answer to the complaint, it should then find that the plaintiff has not adequately pleaded any affirmative defense or counterclaim.

WHEREFORE, the plaintiff prays that this Court will:

A. deny CANALES's "Motion to Dismiss and Petition for Sanctions Pursuant to S.C.R. 11" [Doc. 10] in its entirety with prejudice;

or in the alternative

B. deny CANALES's petition for sanctions with prejudice;

C. deny CANALES's motion to dismiss with prejudice;

D. find that the document CANALES styled as her "Motion to Dismiss and Petition for Sanctions Pursuant to S.C.R. 11" [Doc. 10] is really just her answer to the complaint, mistakenly designated as a motion to dismiss; and

E. find that, while CANALES's motion [Doc. 10] will suffice as her answer to the complaint, it does not adequately state any affirmative defense or counterclaim.

Roy P. Amatore, Esq.  
Paul Luka, Esq.  
AMATORE & ASSOCIATES, P.C.  
120 S. State Street • Suite 400  
Chicago, IL 60603  
312.236.9825 tel.

Respectfully submitted,

 /s/Paul Luka  
PAUL LUKA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BLANCA DeALBA**, on behalf of herself and all other employees similarly situated, known and unknown,<br><br>Plaintiffs,<br>v.<br><br>**COYOACAN, INC.**, an Illinois corporation, and **PIEDAD CANALES**, individually.<br><br>Defendants. | No.    08 CV 4022 |

## DECLARATION OF BLANCA DEALBA

BLANCA DeALBA, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby states and deposes as follows:

1. My name is BLANCA DeALBA and I am at least 18 years old.

2. I was employed from on or about September 12, 2005, to on or about March 14, 2008, at the restaurant called "Taqueria El Gallo."

3. At Taqueria El Gallo, the defendant, PIEDAD CANALES was my supervisor.

4. At Taqueria El Gallo, PIEDAD CANALES set my work schedule and rate of pay, and assigned tasks to me.

5. Upon information and belief, during the time I was employed there, PIEDAD CANALES was in control of day-to-day operations at the restaurant Taqueria El Gallo.

6. Upon information and belief, PIEDAD CANALES held and holds an ownership interest in Taqueria El Gallo, either directly or through a business entity such as a corporation or limited liability company.

7. According to the Illinois Secretary of State's website, PIEDAD CANALES is the registered agent of the defendant corporation COYOACAN, INC.

8. Upon information and belief, COYOACAN, INC., held and holds an ownership interest in Taqueria El Gallo.

9. Upon information and belief, PIEDAD CANALES and/or COYOCAN, INC. own other restaurants in the Chicago area.

10. While I was employed at Taqueria El Gallo, PIEDAD CANALES directed me to work overtime (in excess of 40 hours in a given workweek) in most if not all of the weeks during which I was employed there.

11. While I was employed at Taqueria El Gallo, I did work overtime (in excess of 40 hours in a given week) in most if not all of the weeks during which I was employed there.

12. Even though I worked overtime in most if not all of said weeks, 1 was never paid overtime compensation at the rate of one-and-one-half times my regular hourly wage; but instead, I was paid at the straight rate (my regular hourly wage) for all of the hours I worked at Taqueria El Gallo.

THE DECLARANT SAYS NOTHING FURTHER

I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on

__8_/_25_/_____, 2008.

_____*Blanca De Alba*_____
BLANCA DeALBA